IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA

**NICOLE BUCHANAN**,
    PLAINTIFF.                              Civil Action File No.

**DEPUTY RANDALL LOSSING**,
in his Individual capacity;
**OFFICER RICARD BOZICH,**
in his Individual Capacity;
**OFFICER WILLIAM R. BRENNAN**
in his Individual Capacity; and
**SHERRIFF CRAIG D. OWENS, SR.**
in his Individual Capacity
    DEFENDANTS.

---

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Nicole Buchanan, (hereinafter "Ms. Buchanan") by and through the undersigned attorneys, and hereby files this Complaint against, Deputy Randall Lossing in his Individual capacity (hereinafter "Deputy Lossing"); Officer Richard Bozich, in his Official Capacity, (hereinafter "Officer Bozich"); Officer William R. Brennan in his Individual capacity (hereinafter "Officer Brennan"); and Sheriff Craig D. Owens, Sr., in his Individual capacity (hereinafter "Sheriff Owens, Sr.")

*"Injustice anywhere is a threat to justice everywhere. We are caught in an inescapable network of mutuality, tied in a single garment of destiny. Whatever affects one directly, affects all indirectly."*[1]

---

[1] Letter from Birmingham, Alabama jail, April 16, 1963 - Martin Luther King, Jr.

## INTRODUCTION

On the night of March 10, 2022, Nicole Buchanan, a 50-year-old Powder Springs Cobb County Resident, was illegally apprehended and assaulted by Deputy Randall Lossing, Officer Richard Bozich, Officer William R. Brennan, and Sheriff Craig D. Owens, Sr. of the Cobb County Sheriff's Office ("CCSO"). At the time of the arrest, she posed no threat to law enforcement, others or herself.

Nicole Buchanan brings a federal constitutional claim against Deputy Lossing, Officer Bozich, Officer Brennan, and Sheriff Owens, Sr. for committing acts under color of law that deprived her of rights under the Constitution and the laws of the State of Georgia by using unlawful and excessive force; whereby, Ms. Buchanan was unarmed and posing no threat to law enforcement or others. Furthermore, Plaintiff brings state law claims of Battery and Aggravated Assault against all named Defendants in violation of the 4th and 14th amendments and Infliction of Emotional Distress.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought directly under 42 U.S.C. §1983

2.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claim that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

**PARTIES**

4.

At all times relevant hereto, Nicole Buchanan (the "Plaintiff"), is a legal resident of the State of Georgia and a citizen of the United States of America.

5.

At all times relevant hereto, Defendants Deputy Randall Lossing, Officer Richard Bozich, Officer William R. Brennan, and Sheriff Craig D. Owens, Sr. are citizens of the United States, residents of the State of Georgia, and acting under color of state law in capacity as law enforcement officers employed by the Cobb County Sheriff's Office ("CCSO"). Defendants are hereby sued in their individual capacity.

**FACTUAL ALLEGATIONS**

6.

On the evening of March 10, 2022, Nicole Buchanan (hereafter "Ms. Buchanan") was unlawfully arrested and brutally assaulted at 4016 Morning Star Ave, Powder Springs, GA 30127 ("Primary Residence") by Officers of the Cobb County Sheriff's Office ("CCSO").

7.

Deputy Randall Lossing, Officer Richard Bozich and Officer William R. Brennan serving as and acting under color of state law in capacity as law enforcement officers employed by the Cobb County Sheriff's Office ("CCSO") approached the Plaintiff's primary residence.

8.

The plaintiff asked the officers to identify themselves upon knocking on her door while keeping it securely shut; further asked about the purpose of their visit. The officers complied with Plaintiff's request stating their name and police department. Defendants further disclosed that they were serving a warrant for Alexander Buchanan, son of Ms. Buchanan.

9.

Officers denied Ms. Buchanan's request to see the warrant. Plaintiff was unaware of any wrongdoing on the part of her son Alexander that would ultimately result in his arrest.

10.

The defendants proceeded to illegally break into plaintiffs' residence through the garage door, scanning all parts of the lower and upper levels.

11.

Ms. Buchanan sought safety and shelter by locking herself and her son in one of the upstairs bathrooms. Her son, Alexander Buchanan, disabled, suffered from seizures, prescribed fourteen (14) separate medications to treat various neurological conditions, which included epilepsy.

12.

As the defendants arrived upstairs, one of the officers banged on the bathroom door with demands. Plaintiff's request to see the warrant was once again denied as she was told that it was not required. Feeling threatened during the verbal exchange, Ms. Buchanan contacted the Sheriff's office to validate the three officers' purpose that evening.

13.

Cobb County Sheriff's Office representative confirmed that Alexander Buchanan ***did not*** have an active outstanding warrant for his arrest.

14.

Plaintiff informed defendants that she had Cobb County Sheriff's Office on the phone and that a warrant for the arrest of her son was nonexistent within their database. Officers once again refused Ms. Buchanan's request to slide evidence of the warrant underneath the bathroom door.

15.

Deputy Randall Lossing, Officer Richard Bozich and Officer William R. Brennan kicked in bathroom door with guns drawn, placing Alexander Buchanan in handcuffs; neither the Plaintiff nor her son resisted arrest. They then proceeded to chase and handcuff her other minor children that were located within the home.

16.

Amid Plaintiff already being apprehended and in handcuffs, Deputy Randall Lossing without reason, recklessly pointed his firearm, which was loaded, at her temple. He rationalized this behavior alleging that Ms. Buchanan and her son attempted to lunge at him during the arrest.

17.

Plaintiff and her family were escorted from their primary residence in handcuffs. Visibly distraught and traumatized, Ms. Buchanan expressed her frustration and disappointment as to how the defendants failed to properly perform their duties.

18.

Deputy Randall Lossing then proceeded to lift Plaintiff off the ground and slam her on the concrete. Ms. Buchanan remained in handcuffs during this altercation and posed no threat to the arresting officers.

19.

Unable to properly break her fall due to being handcuffed, Plaintiff suffered a broken foot in three places and a damaged knee. Ms. Buchanan has undergone several procedures on her right foot and is scheduling knee surgery due to her injuries.

20.

The egregious and unwarranted acts of Deputy Randall Lossing, Officer Richard Bozich and Officer William R. Brennan, have not only caused extreme mental trauma for Plaintiff and her children, but has also resulted in financial instability. The pain associated with injury has affected Ms. Buchanans' ability to maintain steady employment, due to her inability to stand or sit for prolonged periods.

21.

Furthermore, the torment Ms. Buchanan's children faced during the arrest negatively impacts their psychological and physiological state. Alexander Buchanan began to suffer from paranoia and has since passed away. The siblings that remain are extremely fearful of any law enforcement and have anxiety from the memory of their mother, Nicole Buchanan, being violated and assaulted by police.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – UNLAWFUL FORCE IN VIOLATION OF**
**THE FOURTH AMENDMENT**
**(DEPUTY LOSSING, OFFICER BOZICH, OFFICER BRENNAN)**

22.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

23.

Deputy Randall Lossing, Officer Richard Bozich and Officer William R. Brennan, are persons for purposes of 42 U.S.C. § 1983.

24.

Deputy Randall Lossing, Officer Richard Bozich and Officer William R. Brennan, at all times relevant hereto, were acting under the color of state law in his capacities as a Deputy/ Officer for DCSO and his acts or omissions were conducted within the scope of his official duties or employment.

25.

Defendants had no probable cause to arrest Plaintiff.

26.

At the time of the complaint of events, Mr. Buchanan had a clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force.

27.

Plaintiff also clearly established the Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

28.

Any reasonable police officer is cognizant or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

29.

No reasonable officer in the Defendants' position could have believed there was probable cause that Plaintiff committed any offense or any other criminal act prior to her arrest.

30.

Defendant's actions and use of force, as described herein, were objectively unreasonable considering the facts and circumstances confronting them and violated the Fourth Amendment rights of Ms. Buchanan.

31.

Defendant's actions and use of force, as described herein, were also malicious and/or reckless, and callous. The force used by the officers shocked the conscience and violated the Plaintiff's Fourth Amendment rights.

32.

Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

33.

The officers did so with shocking and willful indifference to Ms. Buchanan's rights and with conscious awareness that it could cause severe permanent bodily harm or even death.

34.

The acts or omissions of Defendants were the moving forces behind Ms. Buchanan's injuries. The acts or omissions of the officers as described herein intentionally deprived Plaintiff of her constitutional rights and caused him other damages. Defendants are not entitled to qualified immunity for their actions.

35.

As a proximate result of Defendants unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants unlawful conduct

36.

Upon information and belief, Nicole Buchanan has suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of her injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

37.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Ms. Nicole Buchanan. All Defendants are jointly and severally liable for violating Ms. Buchanan's Fourth Amendment Rights.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $1,000,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983 - EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT
## (DEPUTY RANDALL LOSSING)

38.

Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1 through 37 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

39.

Deputy Lossing is a person for purposes of 42 U.S.C. § 1983.

40.

Deputy Lossing, at all times relevant hereto, was acting under the color of state law in his capacities as a Deputy/ Officer for Cobb County Sheriff's Office and his acts or omissions were conducted within the scope of his official duties or employment.

41.

At the time of the complained events, Ms. Buchanan had a clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force.

42.

Ms. Buchanan also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

43.

Any reasonable CCSO Deputy/Officer knew or should have known of these rights at the time of the complaint of conduct as they were clearly established at that time.

44.

Deputy Lossing's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Mr. Selby.

45.

Deputy Lossing's actions and use of force, as described herein, were also malicious and/or reckless, and callous. The force used by Deputy Lossing's shocked the conscience and violated the Fourth Amendment rights of Ms. Buchanan.

46.

Deputy Lossing unlawfully seized Ms. Buchanan by objectively unreasonable, excessive and conscious shocking physical force. The force resulted in serious injury and future prolonged pain and suffering for Ms. Buchanan.

47.

Deputy Lossing engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Ms. Buchanan's federally protected constitutional rights.

48.

Deputy Lossing did so with shocking and willful indifference to Ms. Buchanan's rights and with conscious awareness that it could cause severe bodily harm or death.

49.

The acts or omissions of Deputy Lossing were the moving forces behind Plaintiff's injuries. The acts or omissions of Deputy Lossing as described herein intentionally deprived Ms. Buchanan of her constitutional rights and caused other damages. Deputy Lossing is not entitled to qualified immunity for his actions.

50.

As a proximate result of Deputy Lossing's unlawful conduct, Ms. Buchanan was severely injured. As a further result of Deputy Lossing's unlawful conduct, Ms. Buchanan has incurred special costs, including medical expenses and other special damages, related expenses, in amounts to be established at trial.

51.

Upon information and belief, Ms. Buchanan suffered loss of future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of her injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

52.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Ms. Buchanan. All Defendants are jointly and severally liable for violating Ms. Buchanan's Fourth Amendment Rights.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $1,000,000.00;
2. Judgment for exemplary or punitive damages;
3. Cost of suit;
4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;
5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## THIRD CLAIM FOR RELIEF
### U.S.C. § 16-5-21. - AGGRAVATED ASSAULT
**(DEPUTY RANDALL LOSSING; SHERRIFF CRAIG D. OWENS, SR.)**

53.

Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1 through 52 of this Complaint.

54.

Deputy Lossing pointed a firearm at the temple of Ms. Buchanan and unjustifiably used unwarranted force against Plaintiff, such force was objectively excessive and unreasonable under the circumstances.

55.

Plaintiff's response and or apprehension was objectively reasonable under the circumstances in that a person of ordinary care and prudence under the same or similar circumstances would have believed that unequivocal injury or impairment was about to occur.

59.

Deputy Lossing' actions against Ms. Buchanan were unreasonable and unlawful. At the time Deputy Lossing pointed his firearm at the head of Ms. Buchanan, she was in handcuffs, did not pose any threat or harm to any members of the CCSO or civilians within the surrounding area. Deputy Lossing acted with a depraved indifference to human life and conscious disregard for the safety of the general public, constituted an intentional unwelcome and unprivileged touching of Ms. Buchanan, and was undertaken in bad faith and with actual malice.

60.

As a further direct and proximate result of the conduct described above, Ms. Buchanan suffered irreversible complex trauma. Mr. Buchanan did not consent to contact with, from or by Deputy Lossing.

61.

At the time of the complained incident, Deputy Lossing was acting within the scope of his training, supervision, and employment with Craig D. Owens, Sr., in his Official Capacity as Sheriff of Cobb County Sheriff's Office, Cobb County, Georgia. At the time Deputy Lossing committed the acts described herein, he was acting within the course and scope of his employment and/or agency with CCSO. As such, Craig D. Owens, Sr., in his Official Capacity as Sheriff of Cobb County, Georgia is liable for the intentional acts of his officers. Therefore, the intentional acts of Deputy Lossing are imputed to Craig D. Owens, Sr., in his Official Capacity as Sheriff of Cobb County, Georgia. through the doctrines of agency, vicarious liability and respondeat superior.

62.

As a further direct and proximate result of the conduct described above, Ms. Buchanan was severely injured. Plaintiff suffered loss of liberty and freedom, bodily injury resulting in unremitting future pain and suffering, mental anguish, and medical expenses for treatment and care.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages in excess of $1,000,000.00;
2. Judgment for exemplary or punitive damages;
3. Cost of suit;
4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## FOURTH CLAIM FOR RELIEF
### § 16-5-60 - RECKLESS CONDUCT
### § 45-11-4. (A) (B) (E) UNPROFESSIONAL CONDUCT
### (DEPUTY RANDALL LOSSING; SHERRIFF CRAIG D. OWENS, SR.)

63.

Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1 through 62 of this Complaint.

64.

On March 10, 2022, Deputy Lossing, an employee of CCSO, committed unlawful acts when he slammed Ms. Buchanan on the concrete, discharged his weapon, and pointed at her temple, resulting in debilitating injuries and continuing pain and suffering.

65.

The aforementioned act of discharging his weapon at Ms. Buchanan was intentional and deliberate. Deputy Lossing's acts were carried out in bad faith and with malicious intent to harm Ms. Buchanan. As a direct and proximate result of his acts, Ms. Buchanan was injured.

66.

At the time of the complained incident, Deputy Lossing was acting within the scope of his training, supervision, and employment with Craig D. Owens, Sr., in his Official Capacity as Sheriff of Cobb County Sheriff's Office, Cobb County, Georgia. At the time Deputy Lossing committed the acts described herein, he was acting within the course and scope of his employment and/or agency with CCSO. As such, Craig D. Owens, Sr., in his Official Capacity as Sheriff of Cobb County, Georgia is liable for the intentional acts of Deputy Lossing. Therefore, the intentional acts

of Deputy Lossing are imputed to Craig D. Owens, Sr., in his Official Capacity as Sheriff of Cobb County, Georgia through the doctrines of agency, vicarious liability and respondeat superior.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $1,000,000.00;
2. Judgment for exemplary or punitive damages;
3. Cost of suit;
4. The value of support and services the deceased person had provided to the surviving family members;
5. Loss of companionship, guidance, and protection provided by the deceased person;
6. Mental and emotional pain and suffering due to the loss of a parent, and medical or funeral expenses any surviving family member has paid for the deceased person;
7. Pain and suffering prior to son's death.
8. The deceased person's estate may also recover certain types of damages. These include:

    a. lost wages, benefits, and other earnings, including the value of lost earnings that the deceased person could reasonably have been expected to make if he or she had lived
    b. lost "prospective net accumulations" of the estate, or the value of earnings the estate could reasonably have been expected to collect if the deceased person had lived, and
    c. medical and funeral expenses that were paid by the estate directly.

Such other relief as this Honorable Court may deem just and appropriate.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment in her favor and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount in excess of $4,000,000.00.

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against all Defendants and in an amount in excess of $1,000,000.00

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted,

This the __9th__ day of August, 2024.

                                                /s/ Latrice Latin Alexander
Latrice Latin Alexander
Georgia Bar No. 116907
Attorney for Plaintiff

The Latin Law Group LLC
4751 Best Rd
Ste 479
College Park, GA 30337
Phone: (678) 890-5868
Email: Llatin@atlpiattorney.com
Email: Llalexander@atlpiattorney.com