IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NICOLE BUCHANAN,

    Plaintiff,

      v.

DEPUTY RANDALL LOSSING, in his individual capacity, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-3551-TWT

**OPINION AND ORDER**

This is a civil rights case. It is before the Court on the Defendants' Motion to Dismiss [Doc. 30]. For the reasons stated below, the Defendants' Motion to Dismiss [Doc. 30] is GRANTED.

I.    **Background**[1]

This case involves the alleged use of excessive force. Plaintiff Nicole Buchanan is an individual who resides in Powder Springs, GA. (Am. Compl. [Doc. 27], ¶¶ 4, 6). Defendants Randall Lossing and Richard Bozich are law enforcement officers employed by Cobb County Sheriff's Office ("CCSO"). (*Id.* ¶ 5). The Defendants are sued in their individual capacity. (*Id.*).

On March 10, 2022, the Defendants arrived at the Plaintiff's house, stating they were serving a warrant on the Plaintiff's son, Alexander

---

[1] The Court accepts the facts as alleged in the Amended Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

Buchanan. (*Id.* ¶¶ 6-9). In the process of attempting to execute the purported warrant, the Defendants also arrested the Plaintiff for misdemeanor obstruction. (*Id.* ¶¶ 16-18, 30). During her arrest, the Plaintiff suffered a broken foot in three places and a damaged knee. (*Id.* ¶ 18).

The Plaintiff then filed suit on August 9, 2024. (*See* Compl., [Doc. 1]). In her Amended Complaint, the Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment, a claim for assault and battery, and a claim for intentional infliction of emotional distress. (Am. Compl. ¶¶ 21-36). The Defendants now move to dismiss the Amended Complaint as barred by the statute of limitations, barred by qualified immunity, barred by official immunity, and for failure to state a claim. (*See generally* Defs.' Br. in Supp. of Mot. to Dismiss, [Doc. 30]).

## II.   Discussion

The Defendants' first argument is that the Plaintiff's claims are time-barred, and that issue is dispositive in this case. (Defs.' Br. in Supp. of Mot. to Dismiss, at 13-14). "Section 1983 has no statute of limitations of its own, and instead is governed in each case by the forum state's general personal injury statute of limitations." *Reynolds v. Murray*, 170 F. App'x 49, 50 (11th Cir. 2006) (per curiam) (citation omitted). Under Georgia law, "actions for injuries to the person shall be brought within two years after the right of action accrues."

O.C.G.A. § 9-3-33.[2] The two-year personal injury statute of limitations also applies to the Plaintiff's claims for assault and battery and intentional infliction of emotional distress. *See Valades v. Uslu*, 301 Ga. App. 885, 887-88, (2009) (applying O.C.G.A. § 9-3-33 to a claim for assault and battery) *overruled on other grounds in Harrison v. McAfee*, 338 Ga. App. 393 (2016); *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 638-39 (1997) ("Mrs. Mears' claim for intentional infliction of emotional distress, filed in September 1995, was commenced well outside of the two–year period of limitation for personal injuries." (citing O.C.G.A. § 9-3-33)).

Here, the Plaintiff was injured on March 10, 2022. (Am. Compl. ¶ 6); *see also Amu v. Barnes*, 283 Ga. 549, 551 (2008) ("[A]n action for personal injury does not 'accrue' until the tort is complete, and a tort is not complete until injury is sustained." (citation omitted)). The present case was not filed until August 9, 2024. (*See* Compl.). That means approximately two years and five months passed from the time when the Plaintiff was allegedly injured to the time when she filed this suit. The Plaintiff does not dispute that a two-year statute of limitations applies to her claims or that the events occurred more than two years before she filed suit. (*See* Pl.'s Br. in Opp'n to Mot. to Dismiss, [Doc. 38], at 6). Instead, the Plaintiff asserts that the statute of limitations was

---

[2] This case does not involve injuries to reputation or loss of consortium, so those portions of the statute have been omitted.

3

tolled pursuant to O.C.G.A. § 9-3-99 during the pendency of her criminal obstruction case. (*Id.*). Since that case was not dismissed until February 7, 2023, she contends this case was initiated well within the two-year timeframe. (*Id.*).

The Plaintiff is mistaken. For starters, she does not properly raise a tolling issue since she did not assert it in the Amended Complaint or in an affidavit. *See Porter v. Freeman*, 2024 WL 2231673, at *2 (S.D. Ga. May 16, 2024) ("Although Plaintiff argues the statute of limitations is tolled by O.C.G.A. § 9-3-99, he does so in his response to the Moving Defendants' motion to dismiss, not in an amended complaint or affidavit. Therefore, Plaintiff has not properly raised tolling under O.C.G.A. § 9-3-99." (citations omitted)).

Even if she did properly raise this argument, it still would not save her case. O.C.G.A. § 9-3-99 states,

> The running of the period of limitations with respect to any cause of action in tort that may be brought *by the victim of an alleged crime* which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1.

(emphasis added). Importantly, the Plaintiff bases her argument on being the *defendant* in the underlying criminal prosecution, not the victim. (Pl.'s Br. in Opp'n to Mot. to Dismiss, at 6) ("In the current action Plaintiff was charged

4

with Obstruction of the officers and her underlying case was not dismissed until February 07, 2023, which would place her into the two- year time frame.").

However, O.C.G.A. § 9-3-99 "by its plain language, does not benefit an alleged criminal perpetrator." *Toliver v. Dawson*, 370 Ga. App. 451, 456 (2023). Furthermore, the Plaintiff "has not cited a single case that allows the accused perpetrator of the crime to use OCGA § 9-3-99 to toll the applicable statute of limitation." *Id.* Given this, the Court finds that the Plaintiff has failed to meet her burden that the statute of limitations has been tolled, even if it were properly raised. *See Somani v. Cannon*, 363 Ga. App. 610, 612 (2022) ("The plaintiff bears the burden of establishing that a statute of limitation has been tolled." (quotation marks and citation omitted)). Therefore, the Court will dismiss the Plaintiff's claims against the Defendants as time-barred.

### III.  Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss [Doc. 30] is GRANTED.

SO ORDERED, this 16th day of July, 2025.

*[signature]*
THOMAS W. THRASH, JR.
United States District Judge